UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

          Plaintiff,

      v.

DEPARTMENT OF JUSTICE,

          Defendant.

Civil Action No. 23-3004 (JEB)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

Table of Contents .......................................................................................................... i

Table of Authorities ..................................................................................................... ii

Background ..................................................................................................................1

Legal Standards ...........................................................................................................2

Argument .....................................................................................................................3

     I.     The FBI Appropriately Withheld Vendor Names Under Exemption 3. .................3

     II.    The FBI Appropriately Applied Exemption 7(E). ................................................5

         A.    Methods to Collect and Analyze Information. ...........................................7

         B.    Monetary Payments for Investigative Techniques. ...................................8

     III.   The FBI Produced All Reasonably Segregable Portions of Responsive Records. ..9

Conclusion .................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACLU v. Dep't of Def.*,
   628 F.3d 612 (D.C. Cir.  2011) ........................................................................................3, 5

*Agrama v. IRS*,
   282 F. Supp. 3d 264 (D.D.C. 2017) ....................................................................................9

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................2

*Blackwell v. FBI*,
   646 F.3d 37 (D.C. Cir. 2011) ..........................................................................................6, 8

*Brayton v. Off. of U.S. Trade*,
   *Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ...................................................................................2

*Campbell v. Dep't of Just.*,
   164 F.3d 20 (D.C. Cir. 1998) ..........................................................................................5, 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................2

*CIA v. Sims*,
   471 U.S. 159 (1985) ............................................................................................................5

*Dutton v. U.S. Dep't of Just.*,
   302 F. Supp. 3d 109 (D.D.C. 2018) ....................................................................................9

*Flyers Rts. Educ. Fund, Inc. v. Fed. Aviation Admin.*,
   71 F.4th 1051 (D.C. Cir. 2023) ...........................................................................................9

*Jefferson v. Dep't of Just.*,
   284 F.3d 172 (D.C. Cir. 2002) ............................................................................................5

*Jud. Watch, Inc. v. Dep't of Com.*,
   337 F. Supp. 2d 146 (D.D.C. 2004) ....................................................................................7

*Larson v. Dep't of State*,
   565 F.3d 857 (D.C. Cir. 2009) ........................................................................................3, 5

*Leopold v. Dep't of Just.*,
   94 F.4th 33 (D.C. Cir. 2024)..............................................................................................10

*Levinthal v. FEC*,
   219 F. Supp. 3d 1 (D.D.C. 2016) ........................................................................................5

*Mayer Brown LLP v. IRS*,
   562 F.3d 1190 (D.C. Cir. 2009) ..........................................................................................6

*McGehee v. CIA*,
   697 F.2d 1095 (D.C. Cir. 1983) ..........................................................................................2

*Mead Data*,
   566 F.2d ...............................................................................................................................9

*Media Rsch. Ctr. v. Dep't of Just.*,
   818 F. Supp. 2d 131 (D.D.C. 2011) .................................................................................2, 3

*Mil. Audit Proj. v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) ............................................................................................3

*Morley v. CIA*,
    508 F.3d 1108 (D.C. Cir. 2007) .......................................................................................4

*Pickering v. Dep't of Just*, Civ. A.,
    No. 14-0330, 2023 U.S. Dist. LEXIS 176056 (W.D.N.Y. Sept. 29, 2023) ...............................9

*Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*,
    740 F.3d 195 (D.C. Cir. 2014) .........................................................................................5

*Reporters Comm. For Freedom of the Press v. FBI*, Civ. A.,
    No. 17-1701 (RC), 2022 U.S. Dist. LEXIS 192383 (D.D.C. Oct. 21, 2022) ...........................8

*Rudometkin v. United States*,
    No. 23-5180, 2025 U.S. App. LEXIS 14178 (D.C. Cir. Jun. 10, 2025) ...................................9

*SafeCard Servs., Inc. v. SEC*,
    926 F.2d 1197 (D.C. Cir. 1991) ...................................................................................3, 10

*Sea Shepherd Conservation Soc'y v. IRS*,
    208 F. Supp. 3d 58 (D.D.C. 2016) ....................................................................................5

*Shapiro v. Dep't of Just*, Civ. A.,
    No. 12-0313 (BAH), 2020 U.S. Dist. LEXIS 115871 (D.D.C. Jul. 2, 2020) .............................8

*Summers v. Dep't of Just.*,
    140 F.3d 1077 (D.C. Cir. 1998) .......................................................................................9

*Tax Analyst v. IRS*,
    294 F.3d 71 (D.C. Cir. 2002) ...........................................................................................6

## Statutes

5 U.S.C. § 552(7)(E) ...............................................................................................................6

5 U.S.C. § 552(b) .....................................................................................................................9

5 U.S.C. § 552(b)(3)..................................................................................................................3

5 U.S.C. § 552(b)(7)..................................................................................................................5

50 U.S.C. § 3024 .....................................................................................................................4

50 U.S.C. § 3024(C)(3)(B) ........................................................................................................4

## Rules

Fed. R. Civ. P. 56(a)..................................................................................................................2

Defendant Department of Justice respectfully submits this memorandum of points and authorities in support of its motion for summary judgment.

## INTRODUCTION

With production complete Defendant seeks summary judgment on Plaintiff Judicial Watch's Freedom of Information Act ("FOIA") claim. The parties narrowed their dispute to the propriety of the Federal Bureau of Investigation's withholding of vendor names and dollar amounts in the records that the FBI produced in response to Plaintiff's FOIA request FBI payments to Twitter. As demonstrated below, the FBI lawfully withheld this information under Exemptions 3 and 7(E) and released all non-exempt reasonably segregable portions of responsive records. Thus, Defendant is entitled to an order granting summary judgment in its favor.

## BACKGROUND

On December 24, 2022, Plaintiff submitted a Freedom of Information Act request to the Federal Bureau of Investigation ("FBI") seeking

- All records documenting any payments made to Twitter, Inc. and/or any employee thereof by the Federal Bureau of Investigation. This request includes, but is not limited to, all related purchase orders, expense requests and approvals, and similar records.

- All contracts or similar records documenting the purpose or basis of any payment described in part one of this request.

Decl. of Shannon Hammer ¶ 6. [1]  The request was limited to records dated from January 1, 2016 to the present. *Id.*  Dissatisfied with the FBI's response, Plaintiff filed suit on October 10, 2023. Compl. (ECF No. 1). The FBI processed the request and on June 14, 2024, released forty-four pages to Plaintiff in part. Hammer Decl. ¶ 14. In an effort to resolve disputes regarding the search,

---

[1]    The FBI will also submit a classified version of the Hammer declaration to the Court *ex parte* for *in camera* review.

the FBI sent Plaintiff a draft search declaration on October 28, 2024,and Plaintiff agreed not to contest the scope of the search.  Jt. Status Rpt. ¶ 2 (ECF No. 12); Jt. Status Rpt. ¶ 2 (ECF No. 14). The parties narrowed their disputes to the FBI's withholdings of the vendor names and dollar amounts.  Jt. Status Rpt. ¶ 2 (ECF No. 14).  But because the FBI lawfully withheld the vendor names under Exemptions 3 and 7(E), and the dollar amounts under Exemption 7(E) and released all non-exempt-reasonably segregable portions of the responsive records, Defendant is entitled to an order granting summary judgment in its favor.

## LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  A genuine issue is one that "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248.  Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment[.]"  *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.").  A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations

when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Proj. v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

## ARGUMENT

### I.    The FBI Appropriately Withheld Vendor Names Under Exemption 3.

The FBI is withholding names of vendors under Exemption 3.  Hammer Decl.  ¶ 15 n.6. FOIA Exemption 3 exempts from disclosure information that is specifically exempted from disclosure by statute if the statute:

> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (b) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. § 552(b)(3).  Exemption 3 incorporates into FOIA "the protections of other shield statutes," *ACLU v. Dep't of Def.*, 628 F.3d 612, 617-18 (D.C. Cir.  2011), by excluding from the purview of FOIA "'matters' that are 'specifically exempted from disclosure by statute' if the statute 'requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue' or 'establishes particular criteria for withholding or refers to particular

types of matters to be withheld.'"  *DiBacco*, 795 F.3d at 183 (quoting 5 U.S.C. § 552(b)(3)).  The "sole issue for decision" in any case involving Exemption 3 is "'the existence of a relevant statute and the inclusion of withheld material with the statue's coverage.'"  *Id.* at 197 (quoting *Morley v. CIA*, 508 F.3d 1108, 1126 (D.C. Cir. 2007)).

Here, the FBI applied Exemption 3 to withhold names of vendors because the information would reveal intelligence sources and methods protected from disclosure under the National Security Act.  Hammer Decl. ¶¶ 15 n.6, 20.  The National Security Act provides that the Director of National Intelligence "shall protect intelligence sources and methods from unauthorized disclosure."  50 U.S.C. § 3024(C)(3)(B).  To fulfil this obligation, the Director is authorized to establish and implement guidelines for the intelligence community for the classification of information under applicable laws, Executive Orders, and other Presidential Directives, and for access to and dissemination of intelligence.  *Id.* § 3024(i)(1).  The FBI is one of eighteen agencies under the Director's authority.  *Id.* § 3003(4).

The Director requires the heads of intelligence community agencies, including the FBI, to protect "national intelligence and intelligence sources and methods and activities from unauthorized disclosure."  Intelligence Community Directive 700, at ¶ E.2.a (Jun. 7, 2012); Hammer Decl. ¶ 20.  Consistent with this obligation, the FBI is withholding information that would reveal information about intelligence sources and methods.  Hammer Decl. ¶ 23.  Because the FBI has determined that intelligence sources and methods would be revealed if vendor names are disclosed to Plaintiff, *id.* ¶ 22, the FBI is prohibited from disclosing such information under 50 U.S.C. § 3024 (i)(1).  Further, even though a showing foreseeable harm is not required to invoke Exemption 3, the FBI has determined that disclosure of this information presents a bona fide opportunity for individuals to develop and implement countermeasures, resulting in the loss of

significant intelligence information, sources, and methods that the intelligence community relies on to safeguard national security.  Hammer Decl. ¶ 22 n.12.

Accordingly, the information was appropriately withheld under Exemption 3.  *See, e.g.*, *CIA v. Sims*, 471 U.S. 159, 167 (1985) (National Security Act's protection of "'intelligence sources and methods,' clearly 'refers to particular types of matters,' and thus qualifies as a withholding statute under Exemption 3"); *ACLU*, 628 F.3d at 619, 626 (recognizing "National Security Act . . . as an exemption statute under exemption 3" and finding that agency properly asserted Exemption 3); *Larson v. Dep't of State*, 565 F.3d 857, 865, 868 (D.C. Cir. 2009) (agencies properly protected "information relating to 'intelligence sources and methods'").

## II.    The FBI Appropriately Applied Exemption 7(E).

The FBI also applied Exemption 7(E) to withhold vendor names and information about payments to vendors.  Hammer Decl. ¶ 18.  To establish the applicability of any subparts of FOIA Exemption 7, the government must first show that the records at issue were "compiled for law enforcement purposes."  5 U.S.C. § 552(b)(7).  The D.C. Circuit "has long emphasized that the focus is on how and under what circumstances the requested files were compiled, . . . and 'whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding.'" *Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 79 (D.D.C. 2016) (quoting *Jefferson v. Dep't of Just.*, 284 F.3d 172, 177 (D.C. Cir. 2002).  A record is "compiled for law enforcement purposes" within the meaning of Exemption 7 "so long as there is (1) a rational 'nexus' between the record and the agency's law enforcement duties, and (2) a connection between the subject of the record and a possible security risk or violation of federal law."  *Levinthal v. FEC*, 219 F. Supp. 3d 1, 6 (D.D.C. 2016) (citing *Campbell v. Dep't of Just.*, 164 F.3d 20, 32 (D.C. Cir. 1998)).  Further, where, as here, "the agency's principal function is law enforcement, courts are 'more deferential' to the agency's claimed purpose for the particular records."  *Pub. Emps. for Env't*

*Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 203 (D.C. Cir. 2014) (quoting *Tax Analyst v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002)).

The records at issue in this case meet this threshold. The FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and to further the foreign intelligence objectives of the United States. Hammer Decl. ¶ 24. "Because the FBI specializes in law enforcement, its decision to invoke exemption 7 is entitled to deference." *Campbell*, 164 F.3d at 32. The FBI determined that all records produced in response to Plaintiff's FOIA request were compiled in furtherance of an investigation into potential crimes and threats to national security. Hammer Decl. ¶ 24. Specifically, these records were generated as the FBI engaged in legal process requests with Twitter to retrieve specific information to aid in the fulfillment of the FBI's dual criminal and national security focus. *Id.*

Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(7)(E). "Exemption 7(E) sets a relatively low bar for the agency to justify withholding." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). In fact, the exemption "only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009). Generally, techniques and procedures "not well known to the public" have been found to be exempt

from disclosure under Exemption 7(E). *See, e.g., Jud. Watch, Inc. v. Dep't of Com.*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004). Even records containing commonly known procedures have been protected from disclosure "if the disclosure could reduce or nullify their effectiveness." *CREW v. Dep't of Just.*, 870 F. Supp. 2d 70, 85 (D.D.C. 2012).

Within the responsive records, the FBI applied Exemption 7(E) to protect non-public investigative techniques and procedures that the FBI uses to carry-out its law enforcement function, and non-public details about techniques and procedures that are otherwise known to the public. Hammer Decl. ¶ 24. Specifically, the FBI is withholding under Exemption 7(E) collection and analysis methods, and monetary payments made to implement specific investigative techniques. *Id.* ¶¶ 28-30.

### A.    Methods to Collect and Analyze Information.

The FBI withheld information that would reveal methods used to collect and analyze information that was obtained for investigative purposes. Hammer Decl. ¶ 28. The FBI specifically withheld the name of a vendor under this exemption because that vendor's name would reveal specific methods used in the collection and analysis of information, including how and from where the FBI collects information and the methodologies employed to analyze it once collected. *Id.* Disclosure of this type of information (including the vendor's name) would enable subjects of FBI investigations to circumvent these and similar methods, because the records would reveal the circumstances under which specific methods are used, which would, in turn, diminish these methods' effectiveness. *See id.* Moreover, foreseeable harm would come from releasing this information. *Id.* ¶ 31. If the public were to learn the name of the vendor, criminals and hostile foreign governments could launch cyberattacks on this vendor which would disrupt FBI law enforcement activity and make this vendor and similar vendors less likely to partner with the FBI in the future. *Id.* ¶ 28. Thus, the FBI properly applied Exemption 7(E) to withhold this type of

information.  *See, e.g., Blackwell*, 646 F.3d at 42 (finding that "methods of data collection" and "manner in which the data is searched, organized and reported" proper withheld under Exemption 7(E)).

   **B.    Monetary Payments for Investigative Techniques.**

   The FBI also withheld the amount of money that it paid to a vendor to implement a particular investigative technique.  Hammer Decl. ¶ 29.  If revealed, this information would show how the FBI allocates its resources and reveal the FBI's level of focus on certain types of law enforcement or intelligence gathering efforts.  *Id.*  Criminals could use this information to circumvent the FBI's strengths and exploit its weaknesses.  *Id.; see also, Reporters Comm. For Freedom of the Press v. FBI*, Civ. A. No. 17-1701 (RC), 2022 U.S. Dist. LEXIS 192383, at *27-28 (D.D.C. Oct. 21, 2022) (allowing the FBI to withhold the amount of money that it spent on a single high-profile investigation because a potential wrongdoer would gain insights into the FBI's "priorities, investigative scope, and efforts.").

   Additionally, the FBI negotiates payments with these vendors individually and if the public knew how much the FBI paid to a particular vendor, then other vendors could increase their prices in response making it more expensive for the FBI to purchase goods and services for investigative techniques which would strain the FBI's budget.  Hammer Decl. ¶ 29.  The information would also provide insights into the vendor's pricing and negotiating strategy which would make this and other vendors less likely to partner with the FBI in the future.  *Id.*  These consequences establish foreseeable harm and a risk of circumvention of the law because any release that makes it more difficult for the FBI to purchase goods and services for investigative techniques would undermine the FBI's ability to use those techniques to detect criminal activity.  *Id.*  Indeed, courts have consistently upheld the FBI's withholdings of monetary payments for investigative techniques under Exemption 7(E)*.  See e.g., Shapiro v. Dep't of Just*, Civ. A. No. 12-0313 (BAH), 2020 U.S.

Dist. LEXIS 115871, at *129-30 (D.D.C. Jul. 2, 2020) ("the FBI must be cautious in revealing individual budget line-items [in a particular investigation] lest it reveal the entire budget."); *Dutton v. U.S. Dep't of Just.*, 302 F. Supp. 3d 109, 124 (D.D.C. 2018) (approving FBI's reliance on Exemption 7(E) to withhold information concerning "monetary payments for investigative techniques"); *see also Pickering v. Dep't of Just*, Civ. A. No. 14-0330, 2023 U.S. Dist. LEXIS 176056, at *105-06 (W.D.N.Y. Sept. 29, 2023) ("disclosure of the amount of funds allocated to investigative priorities could, in combination with other information released to the public, allow the assembly of a more complete understanding of the FBI's priorities and investigative scope, thereby enabling criminals to circumvent the law").

III.    **The FBI Produced All Reasonably Segregable Portions of Responsive Records.**

Although an agency may properly withhold records or parts of records under one or more FOIA exemptions, it "must release 'any reasonably segregable portions' of responsive records that do not contain exempt information.'" *Agrama v. IRS*, 282 F. Supp. 3d 264, 275 (D.D.C. 2017); see also 5 U.S.C. § 552(b) (requiring that "any reasonably segregable portion of a record shall be provided to [the requester] after deletion of the portions which are exempt"). Non-exempt portions of a document "must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data*, 566 F.2d at 260. Before approving the application of a FOIA exemption, district courts must make specific findings of segregability as to the material to be withheld. *Summers v. Dep't of Just.*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Flyers Rts. Educ. Fund, Inc. v. Fed. Aviation Admin.*, 71 F.4th 1051, 1057-58 (D.C. Cir. 2023).

To carry its burden that it released all reasonably segregable information, an agency must demonstrate that no "exempt portions of a record could be disclosed without causing foreseeable harm to the interests protected by" the relevant FOIA exemption. *Rudometkin v. United States*,

No. 23-5180, 2025 U.S. App. LEXIS 14178, at *23-24 (D.C. Cir. Jun. 10, 2025); *Leopold v. Dep't of Just.*, 94 F.4th 33, 38 (D.C. Cir. 2024). "Whether a requested record falls within an exemption and whether the disclosure of that record would foreseeably harm an interest protected by the exemption are distinct, consecutive inquiries." *Leopold*, 94 F.4th at 37. This inquiry also requires that the agency consider whether there is foreseeable harm from disclosure of otherwise exempt information, including whether partial disclosure of information is possible. *Id*. at 38. The FBI made this required showing. Specifically, the FBI reviewed the forty-four pages responsive to Plaintiff's request and determined it had released all segregable information that it could release and that releasing any of the withheld portions of these records would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions on the respective pages. Hammer Decl. ¶ 31.

Accordingly, this Court should enter summary judgment in Defendant's favor because the FBI performed a reasonable search (which Plaintiff does not dispute), provided responsive records (Plaintiff similarly does not dispute), properly applied FOIA exemptions to justify withholdings, and explained that no additional non-exempt information can be segregated from the exempt information. *See SafeCard Servs.*, 926 F.2d at 1201 (observing that courts give agency declarations "a presumption of good faith" in FOIA cases).

*    *    *

## CONCLUSION

For these reasons, the Court should grant summary judgment in Defendant's favor.

Dated: July 17, 2025                    Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney


                                        By:  _____*/s/ John J. Bardo*_____
                                            JOHN J. BARDO
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            (202) 870-6770

                                            *Attorneys for the United States of America*