UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

      Plaintiff,

          v.

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

Civil Action No. 23-CV-3004-JEB

# EXHIBIT A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2022-12-24T20:07:06.005932+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---:|:---|
| **Organization Name** | Judicial Watch, Inc. |
| **Prefix** | |
| **First Name** | Sean |
| **Middle Name** | |
| **Last Name** | Dunagan |
| **Suffix** | |
| **Email** | sdunagan@judicialwatch.org |
| **Phone** | 8146919806 |
| **Location** | United States |

## Domestic Address

| | |
|---:|:---|
| **Address Line 1** | 339 Park Dr |
| **Address Line 2** | |
| **City** | Glenwood Springs |
| **State** | Colorado |
| **Postal** | 81601 |

## Agreement to Pay

**How you will pay**

> I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**

> 300

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**

> Please see attached letter

**Documentation Files**

## Non-Individual FOIA Request

**Request Information**

> 1. All records documenting any payments made to Twitter, Inc. and/or any employee thereof by the Federal Bureau of Investigation. This request includes, but is not limited to, all related purchase orders, expense requests and approvals, and similar records.
>
> 2. All contracts or similar records documenting the purpose or basis of any payment described in part one of this request.
>
> The time frame for this request is January 1, 2016 to the present.

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

December 24, 2022

**VIA ONLINE SUBMISSION**

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

**Re:  Freedom of Information Act Request**

Dear Freedom of Information Officer:

Judicial Watch, Inc. ("Judicial Watch") hereby requests that the Federal Bureau of Investigation produce the following records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

> 1. **All records documenting any payments made to Twitter, Inc. and/or any employee thereof by the Federal Bureau of Investigation. This request includes, but is not limited to, all related purchase orders, expense requests and approvals, and similar records.**
>
> 2. **All contracts or similar records documenting the purpose or basis of any payment described in part one of this request.**
>
> **The time frame for this request is January 1, 2016 to the present.**

Please determine whether to comply with this request within the time period required by FOIA and notify us immediately of your determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency or his or her designee.  5 U.S.C. § 552(a)(6)(i).  Please also produce all responsive records in an electronic format ("pdf" is preferred), if convenient.  We also are willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

Judicial Watch also hereby requests a waiver of both search and duplication fees. We are entitled to a waiver of search fees because we are a "representative of the news media."  *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also Cause of Action v. Federal Trade Comm.*, 799 F.3d 1108 (D.C. Cir. 2015); *Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989).  For more than twenty years, Judicial Watch has used FOIA and other investigative tools to gather information about the operations and activities of government, a subject of undisputed public interest.  We submit over 400 FOIA requests annually.  Our personnel, which includes experienced journalists and professional writers

**Federal Bureau of Investigation**

**December 24, 2022**

**Page 2 of 3**

on staff and under contract, use their editorial skills to turn this raw information into distinct works that are disseminated to the public via our monthly newsletter, which has a circulation of over 300,000, weekly email update, which has over 600,000 subscribers, investigative bulletins, special reports, www.judicialwatch.org website, *Corruption Chronicles* blog, and social media, including Facebook and Twitter, among other distribution channels. We have authored several books, including *Corruption Chronicles* by Tom Fitton (Threshold Editions, July 24, 2012), and *Clean House* by Tom Fitton (Threshold Editions, Aug. 30, 2016). In 2012, we produced a documentary film, "District of Corruption," directed by Stephen K. Bannon. Our "news media" status has been confirmed in court rulings. *See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000). As a tax exempt, 501(c)(3) non-profit corporation, we have no commercial interests and do not seek the requested records for any commercial use. Rather, we intend to use the requested records as part of our on-going investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

Judicial Watch also is entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." *Cause of Action*, 799 F.3d at 1115 (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, Judicial Watch intends to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via its newsletter, email updates, investigative bulletins, website, blog, and its other, regular distribution channels. *Cause of Action*, 799 F.3d at 1116 (*quoting Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994)). Again, Judicial Watch does not seek the requested records for any commercial benefit or for its own "primary" benefit, but instead seeks them as part of its ongoing investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

In the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch agrees to pay up to $300.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please don't hesitate to contact me at sdunagan@judicialwatch.org or 814-691-9806.

Thank you for your cooperation.

**Federal Bureau of Investigation**
**December 24, 2022**
**Page 3 of 3**

Sincerely,


Sean Dunagan
Judicial Watch, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

      Plaintiff,

          v.                              Civil Action No. 23-CV-3004-JEB

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

# EXHIBIT B

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 12, 2023

MR. SEAN DUNAGAN
JUDICIAL WATCH, INC.
339 PARK DRIVE
GLENWOOD SPRINGS, CO 81601

FOIPA Request No.: 1577893-000
(On or After January 1, 2016)

Dear Mr. Dunagan:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI, dated December 24, 2022.   For administrative tracking purposes, additional FOIPA Request Numbers may be assigned if it is determined your request seeks records about multiple subjects.   You will be notified of any additional tracking numbers if assigned.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations per statute.   Please read each one carefully.

☑ You submitted your request via the FBI's eFOIPA system.

☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service.  Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

☑ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service.   Future correspondence about your FOIPA request will be sent through standard mail.

☑ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

     Plaintiff,

         v.

UNITED STATES DEPARTMENT OF
JUSTICE,

     Defendant.

Civil Action No. 23-CV-3004-JEB

# EXHIBIT C



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 30, 2023

MR. SEAN DUNAGAN
JUDICIAL WATCH, INC.
339 PARK DRIVE
GLENWOOD SPRINGS, CO 81601

FOIPA Request No.: 1577893-000
Subject: All Records Documenting Any
Payments made to Twitter, Inc. and/or Any
Employee thereof by the FBI
(On or After January 1, 2016)

Dear Mr. Dunagan:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.   Please see the paragraphs below for relevant information specific to your request, as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI can neither confirm nor deny the existence of records responsive to your request pursuant to FOIA Exemption (b)(7)(E) [5 U.S.C.§552 (b)(7)(E)]. The nature of your request implicates records the FBI may or may not compile for law enforcement purposes.

Please be advised per standard FBI practice and policy this response neither confirms nor denies the existence of any records which would disclose techniques, procedures, or guidelines for law enforcement investigations or prosecutions and risk circumvention of the law by FOIA exemption (b)(7)(E) [5 U.S.C.§552 (b)(7)(E)]. Therefore, your request is being administratively closed.

It is unnecessary to adjudicate your request for a Fee Waiver at this time, as no applicable fees were assessed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosures

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)  **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)  **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)  **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)  **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)  **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

  a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
  b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)  **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)  **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

      Plaintiff,

             v.

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

Civil Action No. 23-CV-3004-JEB

# EXHIBIT D

February 7, 2023

**VIA FOIA ONLINE**

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C. 20530

**Re:  Freedom of Information Act Appeal (1572176-000)**

Dear Freedom of Information Officer:

On December 24, 2022, I submitted a Freedom of Information Act request to the Federal Bureau of Investigation seeking the following records:

**1. All records documenting any payments made to Twitter, Inc. and/or any employee thereof by the Federal Bureau of Investigation. This request includes, but is not limited to, all related purchase orders, expense requests and approvals, and similar records.**

**2. All contracts or similar records documenting the purpose or basis of any payment described in part one of this request.**

In response, I received a letter dated January 30, 2023 advising that the FBI would neither confirm nor deny the existence of responsive records pursuant to 5 U.S.C. §552(b)(7)(E). This letter constitutes a timely appeal of that adverse determination.

The decision to neither confirm nor deny the existence of records responsive to a FOIA request (colloquially, a *Glomar* response) may be appropriate only when the existence of responsive records has not been officially disclosed by the responding agency. Specifically, "In the context of a Glomar response, the public domain exception is triggered when 'the prior disclosure establishes the existence (or not) of records responsive to the FOIA request,' regardless whether the contents of the records have been disclosed." Am. Civil Liberties Union v. Cent. Intelligence Agency, 710 F.3d 422, 427 (D.C. Cir. 2013) If "the agency has 'officially acknowledged' that it possesses records responsive to the FOIA request, 'the agency can no longer use a Glomar response' and therefore must either (1) disclose the record to the requester or (2) establish that its contents are exempt from disclosure and that such exemption has not been waived." James Madison Project v. Dep't of Justice, 302 F. Supp. 3d 12, 20 (D.D.C. 2018)

This request seeks records related to any payments made to Twitter, Inc. by the

**DOJ/OIP**
**February 7, 2023**
**Page 2 of 3**

Federal Bureau of Investigation. The existence of these payments was revealed via the release of internal Twitter documents by the company. In response to this revelation and subsequent media reporting, the FBI issued a statement to reporters clarifying that, "The government is required to provide reimbursement for reasonable expenses directly related to searching for, assembling, reproducing, or otherwise providing information responsive to legal process, such as court orders. This requirement is set by federal law and the courts are the final arbiters of what is reasonable compensation." Because of this acknowledgement by the agency, its Glomar response is inappropriate.

The agency's reliance on FOIA exemption b(7)(E) is similarly unwarranted. The exemption protects from disclosure records that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." In this instance, the official FBI statement quoted above specifically describes the investigative purposes for the payments in question.

Finally, by issuing an unwarranted *Glomar* response, the agency has failed to meet its obligation to conduct a segregability review to determine what responsive records or portions thereof are not exempt from release. Per 5 U.S.C. §552(b), "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." In interpreting this statute, "it has long been the rule in [the D.C. Circuit] that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." Mead Data, 566 F.2d at 260. In addition, the responding agency bears "the burden of demonstrating that [the] withheld documents contain no reasonably segregable factual information." Mokhiber v. Dep't of the Treasury, 2004 WL 2022949 (D.D.C. Sept. 9, 2004).

For these reasons, we respectfully appeal the agency's adverse determination of this request and ask that a proper search for potentially responsive records be conducted.

Thank you for your time and consideration. If you have any questions or are in need of any additional information, please don't hesitate to contact me at sdunagan@judicialwatch.org or 814-691-9806.

Sincerely,

Sean Dunagan
Judicial Watch, Inc.

**DOJ/OIP**
**February 7, 2023**
**Page 3 of 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

      Plaintiff,

           v.                            Civil Action No. 23-CV-3004-JEB

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

# EXHIBIT E



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

February 07, 2023

sdunagan@judicialwatch.org

Dear Sean Dunagan:

This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. 1577893-000 on 02/07/2023.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2023-00733. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

     Plaintiff,

              v.

UNITED STATES DEPARTMENT OF
JUSTICE,

     Defendant.

Civil Action No. 23-CV-3004-JEB

# EXHIBIT F



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Sean Dunagan
Judicial Watch, Inc.
339 Park Drive
Glenwood Springs, CO 81601
sdunagan@judicialwatch.org

May 16, 2023

Re:  Appeal No. A-2023-00733
Request No. 1577893-000
DRC:JNW

**VIA: Email**

Dear Sean Dunagan:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to records documenting any payments made to Twitter, Inc. or any employee thereof by the FBI, and all contracts or similar records documenting the purpose or basis of any payment from January 1, 2016, to present.  I note that your appeal concerns the FBI's refusal to confirm or deny the existence of responsive records.

After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request to the FBI for further review.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of this remanded request or to receive an estimated date of completion, please contact the FBI directly at (540) 868-4593.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

*Matthew W. Hurd*

X _____

Matthew W. Hurd,
Chief, Administrative Appeals Staff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

      Plaintiff,

          v.                                    Civil Action No. 23-CV-3004-JEB

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

# EXHIBIT G



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 22, 2023

MR. SEAN DUNAGAN
JUDICIAL WATCH, INC.
339 PARK DRIVE
GLENWOOD SPRINGS, CO 81601

OIP Appeal Number: A-2023-00733
FOIPA Appeal No.: 1577893-000
Request No.: 1577893-000
Subject: All Records Documenting Any
Payments made to Twitter, Inc. and/or Any
Employee thereof by the FBI
(On or After January 1, 2016)

Dear Mr. Dunagan:

This acknowledges your Freedom of Information/Privacy Acts (FOIPA) remanded appeal has been received by the FBI from the Office of Information and Policy for processing. Below you will find check boxes and informational paragraphs about your request. Please read each one carefully.

☑ We have opened your remanded appeal and will inform you of the results in future correspondence.

☐ We have converted your NFP into a FOIPA appeal; therefore, the NFP number originally assigned to your request will now appear as the FOIPA appeal number listed above.

☑ Your request for a fee waiver is being considered and you will be advised of the decision if fees are applicable.

Please check the status of your FOIPA request at www.vault.fbi.gov by clicking on "Check Status of your FOI/PA Request." **Enter the OIP Appeal Number (ex. 201500123) listed above, without hyphens.** Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request..

Sincerely,

*Joseph E. Bender Jr*

Joseph E. Bender, Jr.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH INC.,

      Plaintiff,

           v.

UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendant.

Civil Action No. 23-CV-3004-JEB

# EXHIBIT H



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 14, 2024

Ms. Kathryn Blankenberg
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024

FOIPA Request No.: 1577893-0
Subject: All Records Documenting Any Payments
made to Twitter, Inc. and/or Any Employee thereof by
the FBI

*Judicial Watch, Inc v. DOJ (District of D.C.)*
Civil Action No.: 23-cv-3004

Dear Ms. Blankenberg:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | Section 552a | |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C. § 3024(i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

44 pages were reviewed and 44 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

This is the final release of information responsive to your FOIPA request. The processed documents are Bates stamped FBI(23-cv-3004)-1 through FBI(23-cv-3004)-44. This material is being provided to you at no charge.

Based on the information you provided, we conducted a search of the places reasonably expected to have records. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

  a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
  b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ